```
              IN THE UNITED STATES DISTRICT COURT FOR
              THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                   *
CARL C. DREWRY, III
                                   *
     Plaintiff,
                                   *
         v.                            CIVIL NO.: WDQ-09-2340
                                   *
DEPUTY SHERIFF SHANE
STEVENSON, et al.,
                                   *
     Defendants.
                                   *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Carl C. Drewry, III sued Deputy Sheriff Shane Stevenson, Sheriff Charles Jenkins, and the Board of County Commissioners of Frederick County ("the County") for assault, battery, false imprisonment, false arrest, and violations of the U.S. Constitution and the Maryland Declaration of Rights. Jenkins and the County have moved to dismiss Counts Five, Eight, and Nine for failure to state a claim upon which relief can be granted. For the following reasons, their motion will be granted.

I.   Background

Drewry's claims arise from his May 8, 2008 arrest in Frederick, Maryland. Compl. ¶ 13.[1] Drewry and his wife lived in

---

[1] For the pending motions, Drewry's well-pleaded allegations are accepted as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

the basement of a house rented by Annastasia Girard.  *Id*. ¶ 6. Drewry's wife was Girard's housekeeper.  *Id*.  In May 2008, Girard's landlord told her that by allowing Drewry and his wife to live in the house, she was in breach of her lease.  *Id*.  On May 8, 2008, Girard told the Drewrys to move.  *Id*.  Girard contacted the police because she feared that Drewry would refuse to leave and might become "belligerent."  *Id*.

Deputy Sheriff Shane Stevenson of the Frederick County Sheriff's Office confronted Drewry outside the house and told him to "leave or be arrested." *Id*. ¶ 8.  When Drewry refused, Stevenson grabbed him and threw him to the floor of the porch. *Id*. ¶ 14.  Drewry's arm was broken in the scuffle.  *Id*.  He was hospitalized for a week and required follow-up medical treatment and physical therapy.  *Id*. ¶ 23.

On October 8, 2008, Drewry sued Stevenson and Jenkins[2] in the District Court of Maryland for Frederick County.  Paper No. 2.  On January 27, 2009, Drewry amended his complaint by increasing the *ad damnum*.  Paper No. 10.  On February 13, 2009, Jenkins demanded a jury trial.  Paper No. 13.  On February 24, 2009, the case was transferred to the Circuit Court for Frederick County.  Paper No. 15.  On August 19, 2009, Drewry amended his complaint by adding the County as a defendant and a claim against

---

[2] Jenkins is the Sheriff of Frederick County and Stevenson's

Stevenson under 42 U.S.C. § 1983.  Paper No. 23.  On September 4, 2009, the defendants removed to this Court based on federal question jurisdiction.  Paper No. 1.  On September 14, 2009, Jenkins and the County moved to dismiss Counts 5, 8, and 9.  Paper No. 29.

II. Analysis

   A. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).  Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced.  *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003).  These facts must be sufficient to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v.*

---

supervisor.  Compl. ¶ 2.

*Twombly*, 550 U.S. 544, 570 (2007).

To present a facially plausible complaint, a plaintiff must do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts as pleaded must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (*quoting Twombly*, 550 U.S. at 557).  The complaint must not only allege but also "show" the plaintiff is entitled to relief.  *Id*. at 1950 (*citing* Fed. R. Civ. P. 8(a)(2)).  "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."  *Id*. (internal quotation marks omitted).

The Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).

B. Claims Against the County

    1.   Count Five

Count Five pleads an excessive force claim.  Drewry has alleged that the County is liable for Stevenson's alleged use of excessive force because it "approved and/or condoned" his actions.  Compl. ¶ 46.  Thus, "any and all liability on the part of [Stevenson] is imputed to [the County]."  *Id*.  The complaint does not state the legal basis for the excessive force claim.  Such federal claims are based on the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.  *See, e.g.*, *Cleary v. Green*, 2008 U.S. Dist. LEXIS 91834 (D. Md. Nov. 6, 2008).  Under Maryland law, such claims arise under Article 26 of the Maryland Declaration of Rights.  *See id.*

  Drewry's claim appears to be based on *respondeat superior* because it seeks to "impute" Stevenson's actions to the County rather than hold it directly liable.  A local governmental entity, like the County, has no *respondeat superior* liability under § 1983.  *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978); *Love-Lane v. Martin*, 355 F.3d 766, 782-83 (4th Cir. 2004).  Thus, Drewry has failed to state a § 1983 excessive force claim against the County.

The *respondeat superior* claim under Article 26 of the Maryland Declaration of Rights must also fail because under

5

Maryland law, Stevenson is not an employee of Frederick County but of the State of Maryland. *See Boyer v. State*, 323 Md. 558, 572, 594 A.2d 121, 128 (1991) (refusing to impose *respondeat superior* liability on county for actions of deputy sheriffs); *see also Rucker v. Harford County*, 316 Md. 275, 281, 558 A.2d 399, 402 (1989). Drewry has also failed to state a claim for excessive force against the County under Article 26.

   2.   Counts Eight and Nine

Count Eight pleads a negligent training and supervision claim. Drewry alleges that (1) Stevenson acted "under the direction and control, and pursuant to the rules, regulations, policies and procedures" of the County; (2) was "openly permitted to perform his own brand of law enforcement, including anonymously (e.g. attaching . . . false license plates on his vehicle)"; (3) the County "acted negligently, carelessly, recklessly and with deliberate indifference by failing to properly train, supervise, control, direct and monitor [Stevenson]"; and (4) "[a]s a direct and proximate result of the above-mentioned acts and omissions . . . Drewry . . . was wrongfully and unlawfully attacked by . . . Stevenson." Compl. ¶¶ 59-61. Count Eight does not state the legal basis for the claim.

Count Nine similarly alleges that the County "failed to supervise" Stevenson and to "train, discipline, and supervise its

6

police force in its use of force and the prevention of violations of the federal and state constitutions and laws." Compl. ¶ 66.[3] Count Nine cites Articles 24 and 26 of the Maryland Declaration of Rights as the basis for this claim.

Negligent supervision and training claims may arise under the United States Constitution, the Maryland Declaration of Rights, and Maryland common law.

      a.  § 1983 and Articles 24 and 26 of the Maryland Declaration of Rights

Drewry argues that his complaint states a claim for municipal liability under § 1983 and the Maryland Declaration of Rights[4] based on an unconstitutional policy or custom of the County under which Stevenson was acting when he assaulted Drewry. *See Monell*, 436 U.S. at 691. To prevail on this theory, a plaintiff must plead and prove "the existence of an official

---

[3] Count Nine also alleges that the County is liable for Stevenson's violations of Articles 24 and 26 of the Maryland Declaration of Rights "on the basis of *respondeat superior*." Compl. ¶ 66. As stated above, Stevenson is an employee of the State; the County cannot be liable on the basis of *respondeat superior*. *See Boyer v. State*, 323 Md. 558, 572, 594 A.2d 121, 128 (1991).

[4] In assessing claims under Articles 24 and 26 against local governments, Maryland courts use the standards that apply to federal constitutional claims under § 1983. *See, e.g.*, *Lemon v. Early*, 1996 Md. App. LEXIS 189, at *11-*12 (Md. Ct. Spec. App. Dec. 24, 1996); *Williams v. Prince George's County*, 112 Md. App. 526, 548, 685 A.2d 884, 895 (Md. Ct. Spec. App. 1996). Accordingly, Drewry's federal and state constitutional claims will be addressed together.

7

policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of [his] rights." *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999). The policy or custom must be "persistent and widespread"; isolated incidents are insufficient to create local government liability. *Doe v. Broderick*, 225 F.3d 440, 456 (4th Cir. 2000).

Drewry alleges that (1) the County "maintains a sheriff's department which operates under and administers . . . law enforcement policies, practices and customs"; (2) "Stevenson was acting under the direction and control, and pursuant to" these policies, practices and customs; (3) Stevenson was "openly permitted to perform his own brand of law enforcement"; and (4) as a result, Drewry was injured. Compl. ¶¶ 4, 59, 60, 62.

The complaint does not allege facts showing a "persistent and widespread" policy or custom of the County that caused Drewry's injuries. Although the complaint refers several times to "policies, practices, and customs," it does not specify them or connect them to Stevenson's conduct. Drewry merely alleges that Stevenson was "permitted to perform his own brand of law enforcement." This allegation does not show a policy or custom sufficient for local government liability because it is limited to an incident involving one officer on one occasion.

Drewry also argues that the complaint states a claim for inadequate training under § 1983 and Articles 24 and 26. "[T]he

8

inadequacy of police training may serve as the basis for § 1983 liability only whe[n] the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). "Only whe[n] a failure to train reflects a 'deliberate' or 'conscious' choice by a [local government] . . . can [it] be liable for such a failure under § 1983." *Id*. at 389.

"That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the [the local government], for the officer's shortcomings may have resulted from factors other than a faulty training program." *Id*. at 390-391. "Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct." *Id*. at 391. A single incident of misconduct by a police officer is not sufficient to state a claim for inadequate training. *See Doe v. Broderick*, 225 F.3d 440, 456 (4th Cir. 2000).

Drewry's complaint merely concludes that the County failed to train its officers adequately. Although it states that the County acted with deliberate indifference in failing to train the members of the sheriff's office "in the use of force and on-the-street encounters with civilians," the complaint alleges no facts showing (1) the nature of the training of sheriff's officers by

9

the County, (2) that any failure to train was a "deliberate or conscious" choice by the County, or (3) that Stevenson's conduct was caused by a failure to train.  The facts allege only the misconduct of one officer on one occasion.  This is insufficient to establish the County's liability under § 1983 or Articles 24 and 26.

        b.    Maryland Common Law

Drewry argues that Count Eight of the complaint states a Maryland tort claim against the County.  The County contends that it has governmental immunity from state tort claims.  Maryland's counties are immune from tort liability if the allegedly tortious conduct occurred in the exercise of a "governmental function." *Austin v. City of Baltimore*, 286 Md. 51, 53, 405 A.2d 255, 256 (1979).[5]  The operation of a police force is a quintessential governmental function. *DiPino v. Davis*, 354 Md. 18, 48, 729 A.2d 354, 370 (1999).  A county thus has "governmental immunity as to common law torts claims based on torts committed by its police officers." *Mora*, 462 F. Supp. 2d at 697.  Counties are also immune from common law claims for negligent hiring or supervision of police officers. *See also Williams v. Prince George's County*, 157 F. Supp. 2d 596, 603-04 (D. Md. 2001).  Frederick County is

---

[5] *See also Mora v. City of Gaithersburg*, 462 F. Supp. 2d 675, 697 (D. Md. 2006).

immune from suit on Drewry's state common law claim.

Because Counts Five, Eight and Nine fail to state a claim against the County, the County's motion to dismiss will be granted.

C. Claims Against Jenkins

Jenkins has moved to dismiss Counts Five and Eight.  Count Five alleges that Jenkins is liable for excessive force because he "approved and/or condoned" Stevenson's actions.  Count Eight alleges that Jenkins is liable for negligent training and supervision of Stevenson.  Drewry has not alleged that Jenkins had a direct role in the incident underlying this suit; rather, Jenkins's liability is based solely on his role as Stevenson's supervisor.  See Pl.'s Opp. 12.  Drewry has not stated the legal basis for his claims against Jenkins, but it appears that he has attempted plead claims for supervisory liability[6] under 42 U.S.C.

---

[6] A suit based on supervisory liability is an "individual capacity suit," *i.e.*, a suit seeking to hold the defendant personally liable. *See Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987).  Drewry sued Jenkins in his individual and official capacities.  A suit against a state or municipal official in his official capacity is treated as a claim against the entity, provided that the entity has received an opportunity to respond. *See Williams v. Prince George's County*, 157 F. Supp. 2d 596, 604 (D. Md. 2001) (*citing* Kentucky *v. Graham*, 473 U.S. 159, 166 (1985)).  Given that the only entity Drewry sued was Frederick County, it appears that the official capacity suit against Jenkins was another way of suing the County.  As explained above, Drewry has failed to state a claim against the County; thus, the official capacity suit against Jenkins must be dismissed.

Although Jenkins is a state officer under Maryland law, the

11

§ 1983 and Articles 24 and 26 of the Maryland Declaration of Rights as well as a common law claim for negligent supervision.

    1.   Supervisory Liability under § 1983

Supervisory liability requires (1) actual or constructive knowledge by the supervisor that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens; (2) a response by the supervisor that was so inadequate as to show deliberate indifference to--or tacit authorization of--the alleged offensive practices, and (3) an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.  *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

The complaint merely alleges that Jenkins (1) "was responsible for the day to day operations of the Frederick County Sheriff's Office"; (2) "approved and/or condoned" the actions of Stevenson"; (3) "acted negligently, carelessly, recklessly and with deliberate indifference by failing to properly train, supervise, control, direct, and monitor . . . Stevenson in his duties and responsibilities"; and (4) "as a direct and proximate result of the above-mentioned acts and omissions of . . . Jenkins, . . . Drewry was unlawfully attacked by . . . Stevenson."  Compl. ¶¶ 2, 43, 46, 62.  The complaint also alleges

---

suit cannot be construed as a suit against the State of Maryland because the state has not had the opportunity to respond to

that during the attack, "Stevenson was acting under the direction and control, and pursuant to the rules, regulations, policies and procedures, of . . . Jenkins." *Id*. ¶ 61.

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Although Drewry's complaint recites the elements of a § 1983 claim, it does not allege Jenkins's actual or constructive knowledge of Stevenson's conduct, his tacit approval of that conduct, or that Jenkins's inaction caused Drewry's injuries. Thus, the complaint fails to state a claim for supervisory liability under § 1983.

   2.   Liability under the Maryland Declaration of Rights and Maryland Common Law

Drewry argues that the complaint states claims against Jenkins under the Maryland Declaration of Rights and Maryland common law. Jenkins contends that these claims are governed by the Maryland Tort Claims Act ("MTCA"), § 12-101 *et seq*. of the State Government Article of the Maryland Code, under which state personnel[7] are immune from suit for tortious conduct that is

---

Drewry's complaint.
[7] Section 12-101 defines "state personnel" to include "a sheriff

within the scope of their public duties and committed without malice or gross negligence.  Md. Code Ann., State Gov't § 12-105 (West 2009).[8]  Jenkins contends that under the MTCA, he is immune from suit for constitutional and common law claims because the complaint alleges that he acted within the scope of his official duties and fails to show that he acted with actual malice or gross negligence.

MTCA immunity applies to torts--including intentional and constitutional torts--committed by state personnel in the course of their public duties unless committed with actual malice or gross negligence.  *See Lee v. Cline*, 384 Md. 245, 257-62, 863 A.2d 297, 304-08 (2004).  Actual malice is intentional conduct "without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the plaintiff."  *Thacker v. City of Hyattsville,* 135 Md. App. 268, 762 A.2d 172, 189 (Md. Ct. Spec. App. 2000).  Gross negligence is "an intentional failure to perform a manifest duty in reckless disregard of the

---

or deputy sheriff of a county or Baltimore City."  Md. Code Ann., State Gov't § 12-101(a)(6) (West 2009).

[8]  Under § 12-105, "[s]tate personnel shall have the immunity from liability described under § 5-522(b) of the Courts and Judicial Proceedings Article."  Under § 5-522(b), "[s]tate personnel . . . are immune from suit . . . and from liability in tort for a tortious act or omission that is within the scope of public duties . . . and is made without malice or gross negligence[.]"  *Id*.

14

consequences as affecting the life or property of another, and also implies a thoughtless disregard of the consequences without the exertion of any effort to avoid them." *Newell v. Runnels*, 407 Md. 578, 638, 967 A.2d 729 (Md. 2009).

As a county sheriff, Jenkins is a state official under Md. Code Ann., State Gov't § 12-101(a)(6).  The complaint alleges that "at all times relevant [to the suit], [Jenkins] was acting within the course and scope of his employment." Compl. ¶ 2. Thus, the MTCA protects Jenkins from suit in the absence of allegations that he acted with actual malice or gross negligence.

The complaint merely alleges--without stating facts--that Jenkins failed adequately to supervise, train and monitor Stevenson, and that Jenkins "approved and/or condoned" Stevenson's actions.  There are no allegations that Jenkins acted for the purpose of injuring the Drewry.  Nor are there facts showing that Jenkins intentionally failed to perform a duty in reckless disregard of Drewry's safety.  As Drewry has not alleged that Jenkins acted with actual malice or gross negligence, his claims under Maryland law are barred by the MTCA.

Because Counts Five and Eight fail to state a claim against Jenkins, his motion to dismiss will be granted.

15

III. Conclusion

For the reasons stated above, the motion to dismiss by Frederick County and Jenkins will be granted.

January 5, 2010                           _____/s/_____
Date                                      William D. Quarles, Jr.
                                          United States District Judge